NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIAS RODRIGUEZ-CARDENAS, AKA Elias Cardenas-Rodriguez, AKA Elias Rodriguez, AKA Raul Cardenas Rodriguez,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting Attorney General,<br><br>Respondent. | No.  16-73371<br><br>Agency No. A090-820-896<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before:     TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Elias Rodriguez-Cardenas, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying cancellation of removal. Our

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's determination that an alien did not establish ten years of continuous physical presence. *Zarate v. Holder*, 671 F.3d 1132, 1134 (9th Cir. 2012). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of cancellation of removal for failure to demonstrate ten years of continuous physical presence, where Rodriguez-Cardenas presented inconsistent testimony with insufficient corroboration regarding the length of his departures from the United States. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(2) (a departure in excess of 90 days breaks continuous physical presence); *Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011) (under the deferential substantial evidence standard, the court will uphold the agency's factual findings unless the evidence compels a contrary result).

We lack jurisdiction to review Rodriguez-Cardenas' unexhausted contentions that the IJ failed to notify him of the need for corroborating evidence, failed to take testimony from his wife, and failed to properly develop the record. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**